UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                         Case No. 10-71681-ast

Chesley J. Ruffin,

                                         Chapter 13

                        Debtor.
------------------------------------------------------------x

## DECISION AND ORDER DENYING
## DEBTOR'S MOTION TO VACATE ORDER OF DISMISSAL

### Issue Before the Court and Summary of Ruling

       Pending before the Court is the request by the Debtor for reconsideration of the automatic

dismissal of this case pursuant to Section 521 of the Bankruptcy Code.  For the reasons herein,

the request is denied.

### Background

       On March 15, 2010, Chesley J. Ruffin (the "Debtor") filed a pro se petition for

relief under Chapter 13 of the Bankruptcy Code.  On March 15, 2010, the Court issued a

deficiency notice, advising Debtor that he had failed to file a number of documents required to be

filed by a chapter 13 debtor.  The required documents Debtor failed to file included his

Schedules, his Statement of Financial Affairs, his Statistical Summary of Certain Liabilities,

Schedule I (Current Income of Individual Debtor) (Official Form B6I), his Schedule J (Current

Expenditures of Individual Debtor) (Official Form B6J), his Statement of Monthly Income and

Disposable Income Calculation (Official Form B22C), his pay statements, his Chapter 13 Plan,

and his certificate of credit counseling (the "First Deficiency Notice").  As noted in the First

Deficiency Notice, not all of the required documents were due along with the petition, as many

were due within fourteen days after the bankruptcy filing.  *See* FED. R. BANKR. P. 1007(c).  Debtor

failed to comply.

       On April 16, 2010, the Court issued a Final Notice of Section 521 Deficiencies (the

"Final Notice"). [dkt item 15]  The Final Notice advised Debtor that none of the filing deficiencies noted in the First Deficiency Notice had been cured.  Debtor was further advised that "Failure to file the required documents within 45 days of the date of filing of the petition may result in the case being dismissed without further notice or hearing, unless an extension of time under § 521(i)(3) or (4) of the Bankruptcy Code is made."  Debtor still failed to comply.

Thus, on April 30, 2010, this Court issued an Order directing the Clerk's Office to dismiss this case due to the Debtor's failure to comply with Section 521 of the Bankruptcy Code ("Dismissal Order"). [dkt item 19]  On April 30, 2010, this case was automatically dismissed.

On May 19, 2010, the Debtor filed a Motion requesting this Court vacate the Dismissal Order [dkt item 24], which this Court deems a Motion to reconsider the Dismissal Order ("Motion").  Debtor asserted his inability to file his required documents was due to "caring for and transporting my elderly and sick mother and going for several tests and treatments."  This Court scheduled a hearing on the Motion for July 6, 2010 ("Hearing").

On June 21, 2010, the Chapter 13 Trustee filed an Affirmation in Opposition to the Motion. [dkt item 26]  The Trustee noted that the Motion did not specifically address any of the numerous filing deficiencies present in this case, and did not address Debtor's intent or ability to cure his numerous filing deficiencies, but only stated that the Debtor has been caring for an elderly parent.

On June 25, 2010, Onewest Bank, FSB ("OneWest"), and Aurora Loan Services, LLC ("Aurora" and collectively, "Creditors") filed Objections to the Motion. [dkt items 27, 28]  Creditors asserted that they held mortgages on several properties owned by Debtor.  In particular, OneWest provided evidence that OneWest is a secured creditor of the Debtor on at least three separate loans: (1) a 2006 loan for a property on Shirley Lane in Medford, New York

in the original amount of $304,000.00 ("Loan No. 1"); (2) a 2006 loan for a property at 10

Dourland Road in Medford, New York in the original amount of $304,000.00 ("Loan No. 2");

and (3) a 2006 loan for a property on Gray Avenue, in Medford, New York in the original

amount of $288,000.00 ("Loan No. 3"). [dkt item 30]  OneWest further provided evidence that

the total amount due and owing on each of these loans as of June 30, 2010, is $383,045.51 on

Loan No. 1, $380.718.66 on Loan No. 2, and $363,144.98 on Loan No. 3.  OneWest provided

copies of the respective notes and mortgages. [dkt item 30]

On July 6, 2010, the Hearing was held.  Debtor appeared, along with counsel for the

Creditors and the Chapter 13 Trustee.  Debtor unpersuasively stated that he was trying to comply

with his obligations as a  chapter 13 debtor, and had met with several paralegals and/or attorneys

about representing him in this case.  He stated that all had either not followed up with him or told

him to let several of his properties go to foreclosure.  Creditors asserted that Debtor was liable to

them on mortgages that exceeded $1.2 million, which Debtor conceded.

<u>**Analysis**</u>

After due consideration of the arguments and the pleadings at the Hearing, the Court

determined that Debtor was ineligible for chapter 13 relief at the time he filed his petition

because Debtor owed secured claims that exceeded $1,010,650.00. *See* 11 U.S.C. § 109(e). Further,

the Court determined that Debtor had failed to adequately explain his failure to file any

schedules or provide any financial information to his creditors, the Chapter 13 Trustee, or the

Court.[1]

Despite not citing to any statute or rule, the Motion should be considered under Rule

---

[1] The Court notes that, along with his petition, Debtor had filed an Application to Pay Filing Fee in Installments. [dkt item 2] That application was granted [dkt item 6] on the basis of Debtor's sworn verification he was unable to pay the $274 filing fee except in installments. The Court has not ascertained the veracity of Debtor's representation.

9023 of the Federal Rules of Bankruptcy Procedure ("FRBP"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP").  A motion to reconsider is properly considered under FRCP 59, which is incorporated into bankruptcy proceedings by FRBP 9023. *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)(noting that "most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision."); *see also Woodard v. Hardenfelder*, 845 F.Supp. 960, 964-67 (E.D.N.Y. 1994).  Accordingly, the Court will deem the Debtor's Motion to be one under FRCP 59(e) and FRBP 9023.

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008)(citing *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir.1995)); *see also Ramratan v. N.Y. City Bd. of Elections*, No. 06-cv-4770, 2006 U.S. Dist. LEXIS 64644, at *3 (E.D.N.Y. Sept. 11, 2006)(citing *JP Morgan Chase Bank*, 322 F. Supp.2d 353, 354 (S.D.N.Y. 2004)).

In the Motion and at the Hearing, the Debtor has pointed to no facts which were overlooked by this Court in its Dismissal Order that would cause the Court to reconsider dismissal of this case. Thus, Debtor failed to meet his burden of proving that the Court made an error in entering the Dismissal Order.

Further, reconsidering dismissal would be a vacuous act, since Debtor is not eligible for chapter 13 relief in any event.

###  Conclusion 

Based on the foregoing, it is hereby Ordered that the Motion is denied.



Dated: July 8, 2010
     Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**